UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **I Heart Kids, Inc.,** a Michigan corporation<br><br>*Plaintiff,*<br>v.<br><br>**iHeartCommunications, Inc., a Texas corporation.**<br><br>*Defendant.* | Case No.<br><br>*JURY TRIAL REQUESTED* |

# COMPLAINT FOR TRADEMARK INFRINGEMENT AND JURY DEMAND



Plaintiff I Heart Kids, Inc. ("I Heart Kids"), by and through its undersigned counsel, for its Complaint against Defendant iHeartCommunications, Inc. ("iHeartCommunications") respectfully alleges as follows:

## NATURE AND BASIS OF ACTION

1. This is an action by I Heart Kids, a Michigan Corporation, against iHeartCommunications for trademark infringement and unfair competition.

2. I Heart Kids seeks injunctive relief and damages for trademark infringement under Section 32 of the Trademark Act of 1946, as amended, 15 U.S.C. § 1114 ("The Lanham Act"), unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and federal common law, and unfair competition under state common law.

## THE PARTIES

3. I Heart Kids, Inc. is a Michigan corporation with its principal place of business at 6098 Charles Drive, West Bloomfield, Michigan 48322.

4. Upon information and belief, iHeartCommunications is a Texas corporation with its principal place of business at 200 East Basse Road, Suite 100, San Antonio, Texas 78209.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, and 28 U.S.C. § 1331, as this case arises under the Lanham Act, 15 U.S.C. §§ 1071, 1114, 1125(a) and (c).



1

6. Personal jurisdiction is proper in this Court because Defendant has conducted business within the State of Michigan, thereby purposely availing itself of the privilege of acting in the State of Michigan. Pendent or supplemental jurisdiction of this Court exists for the state law claims stated herein, because they arise out of a common nucleus of operative facts with those from which the federal claims arise.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

### FACTUAL ALLEGATIONS

8. Since 2010, I Heart Kids has provided services to various children's charities, including assisting these charities with various fundraising activities. I Heart Kids has provided these services throughout the United States (the "I Heart Kids Services").

9. As a result of this use, I Heart Kids has obtained U.S. Federal Trademark Registration No. 4391848 for iHEARTKIDS for "charitable fundraising services; Charitable fundraising services by means of selling goods to raise funds; Charitable services, namely, fundraising services by means of organizing special events for children's causes and organizations; Fundraising services, by means of sharing profits from the sale of socially responsible products with not-for-profit organizations, schools, and civic groups" in International Class 36 (the "'848 Registration"). The '848 Registration was issued on August 27, 2013 and is valid and subsisting. A printout of the '848 Registration from the U.S. Patent and Trademark Office trademark database is attached as Exhibit A.



2

10. Since at least 2010, I Heart Kids has continuously used the mark contained in the '848 Registration in interstate commerce in connection with the I Heart Kids Services.

11. As a result of I Heart Kids' extensive and long-term promotional and marketing efforts, and the quality of the I Heart Kids' Services, the trademark of the '848 Registration has become widely and favorably known throughout the United States, and is a valuable assets of I Heart Kids and a symbol of its goodwill. Customers have come to associate and identify the trademark of the '848 Registration exclusively with I Heart Kids.

12. In 2013, I Heart Kids became aware that Defendant's predecessor in interest was using the mark iHEARTKIDS in connection with a charity radio event. I Heart Kids contacted Defendant's predecessor in interest and the parties ultimately agreed to a one time retroactive license of the mark from I Heart Kids to Defendant. In the license agreement, Defendant's predecessor in interest, *inter alia*, recognized I Heart Kids' superior rights in the iHEARTKIDS mark and agreed not to use the iHEARTKIDS mark in the future.

13. On information and belief, recently iHeartCommunications once again used the iHEARTKIDS mark despite its previous agreement not to do so.

14. More specifically, on May 1, 2017, one of iHeartCommunication's radio channels, Q92.1 FM, located in New York, used the iHEARTKIDS mark in connection with a radiothon supporting Maria Fareri Children's Hospital. A Facebook post showing details of this "iHEARTKIDS" radiothon is shown below:



3



(https://www.facebook.com/events/1956000867956063/.)

15. Because iHeartCommunications has used an identical mark (iHEARTKIDS) on identical goods (events for children's charities), consumers are likely to believe that Defendant and its services are affiliated with or sponsored, authorized or endorsed by I Heart Kids.

16. Also, because of the disparity in size between these parties, it is likely that I Heart Kids will suffer reverse confusion – consumers will believe that I Heart Kids is affiliated with or sponsored by or endorsed by Defendant.



4

## COUNT I - FEDERAL TRADEMARK
## INFRINGEMENT – §32 OF THE LANHAM ACT

17. I Heart Kids incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

18. Despite I Heart Kids' well-known prior rights in the trademark of the '848 Registration, Defendant has, without I Heart Kids' consent, used in commerce the iHEARTKIDS mark in connection with the sale, offering for sale, distribution, and/or advertising of goods or services likely to cause confusion, or to cause a mistake, or to deceive in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

19. I Heart Kids' federal registration on the Principal Register of the U.S. Patent and Trademark Office for the iHEARTKIDS mark is *prima facie* and/or conclusive evidence of the validity of the mark, Plaintiff's ownership of the mark, and Plaintiff's exclusive right to use the mark in commerce in connection with the listed goods and services, pursuant to the Lanham Act, 15 U.S.C. § 1115.

20. Defendant's use of colorable imitations of the iHEARTKIDS mark has been and continues to be done with the intent to cause confusion, mistake and to deceive consumers concerning the source and/or sponsorship of Defendant's goods and services.

21. As a direct and proximate result of Defendant's actions, I Heart Kids has suffered and will continue to suffer irreparable harm to the valuable iHEARTKIDS mark and to its business, goodwill, reputation and profits. Unless Defendant is restrained from further infringement of the iHEARTKIDS mark, I Heart Kids will continue to be irreparably harmed. An award of monetary damages



alone cannot fully compensate Plaintiff for its injuries and Plaintiff lacks an adequate remedy at law.

22. The foregoing acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

23. I Heart Kids is entitled to a permanent injunction against Defendant, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits and costs and attorney's fees.

### COUNT II - FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP – § 43(a) OF THE LANHAM ACT

24. I Heart Kids incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

25. The iHEARTKIDS mark, as more fully described above, is a well-established mark that serves to identify the goods and services sponsored, approved by, authorized by, associated with, or affiliated exclusively for the use of I Heart Kids for its Services.

26. Defendant has knowingly used and continues to use the iHEARTKIDS mark in connection with the goods and services that Defendant advertise, promote and sell. Defendant's actions render this case exceptional within the meaning of 15 U.S.C. §1117(a).



27. Upon information and belief, prior to the Defendant's use of the iHEARTKIDS mark, Defendant had actual and constructive knowledge of I Heart Kids' use and ownership of the iHEARTKIDS mark in connection with the I Heart Kids Services. This is evidenced by the 2013 license agreement between I Heart Kids and Defendant's predecessor in interest.

28. Upon information and belief, Defendant has used and continues to use the iHEARTKIDS mark in a manner that is likely to confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendant and Defendant's goods and services, and is likely to cause consumers to believe in error that Defendant's goods and services have been authorized, sponsored, approved, endorsed, or licensed by I Heart Kids or that Defendant is affiliated with I Heart Kids, or vice versa.

29. Defendant's use of the iHEARTKIDS mark constitutes false designation of origin and/or sponsorship and unfair competition in violation of §43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

30. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer irreparable harm to the valuable iHEARTKIDS mark and its business, goodwill, reputation and profits. Unless Defendant is restrained from further infringement of the iHEARTKIDS mark, I Heart Kids will continue to be irreparably harmed.

31. An award of monetary damages alone cannot fully compensate Plaintiff for its injuries, and Plaintiff lacks an adequate remedy at law.



### COUNT III - STATE UNFAIR COMPETITION – MICHIGAN COMMON LAW

32. I Heart Kids incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

33. By their acts alleged herein, Defendant has engaged in unfair competition under the common law of the State of Michigan.

34. Defendant is liable to I Heart Kids for unfair competition under the common law of Michigan.

35. Upon information and belief, the aforesaid acts were undertaken willfully and with the intention of causing confusion, mistake or deception.

36. As a direct and proximate cause of Defendant's conduct, I Heart Kids has suffered, is suffering and will continue to suffer irreparable damages in an amount to be proved at trial.

37. An award of monetary damages alone cannot fully compensate Plaintiff for its injuries, and Plaintiff lacks an adequate remedy at law.

### COUNT IV – COMMON LAW TRADEMARK INFRINGEMENT

38. I Heart Kids incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

39. I Heart Kids first used the iHEARTKIDS mark in connection with the I Heart Kids Services in 2010. The iHEARTKIDS mark has become widely known throughout the United States and consumers have come to identify I Heart Kids as



the exclusive source of the services to which the iHEARTKIDS mark is applied. Therefore, the iHEARTKIDS mark is or has become distinctive.

40. Defendant, with knowledge of and with intentional disregard of I Heart Kids' rights, continue to advertise, promote, and sell goods and services using the iHEARTKIDS mark or colorable imitations thereof. Such acts by the Defendant have caused and continue to cause confusion as to the source and/or sponsorship of Defendant's goods and services or vice versa

41. Defendant's acts constitute willful infringement of I Heart Kids' exclusive rights in the iHEARTKIDS mark in violation of common law.

42. As a direct and proximate result of Defendant's conduct, I Heart Kids has suffered irreparable harm to the valuable iHEARTKIDS mark. Unless Defendant is restrained from further infringement of the iHEARTKIDS mark, I Heart Kids will continue to be irreparably harmed.

43. An award of monetary damages alone cannot fully compensate Plaintiff for its injuries, and Plaintiff lacks an adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in its favor against Defendant as follows:

A. A determination that the Defendant has violated 15 U.S.C. § 1125(a), that I Heart Kids has been damaged by such violations, and that the Defendant is liable to I Heart Kids for such violations;



9

B.     A determination that the Defendant has violated 15 U.S.C. § 1114(1)(a), that I Heart Kids has been damaged by such violations, and that Defendant is liable to I Heart Kids for such violations;

C.     A determination that the Defendant has committed common law trademark infringement, that I Heart Kids has been damaged by such infringement, and Defendant is liable to I Heart Kids for common law trademark infringement;

D.     A determination that the Defendant has committed common law unfair competition, that I Heart Kids has been damaged by such unfair competition, and that Defendant is liable to I Heart Kids for common law common law unfair competition;

E.     A determination that this case is "exceptional," in the sense of 15 U.S.C. § 1117(a);

F.     Under all claims for relief, that injunction be temporarily, preliminarily, and permanently issued enjoining Defendant, its employees, agents, successors and assigns, and all those in active concert and participation with them, and each of them who receives notice directly or otherwise of such injunctions, from:

   (1) imitating, copying, or making any unauthorized use of the iHEARTKIDS mark;

   (2) importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any service or product using any simulation, reproduction, counterfeit, copy, or colorable imitation of the iHEARTKIDS mark;



(3) using any false designation of origin or false description or performing any act which is likely to lead members of the trade or public to believe that any service or product manufactured, distributed or sold by Defendant is in any manner associated or connected with I Heart Kids or is sold, manufactured, licensed, sponsored, approved or authorized by I Heart Kids;

G.  For an Order directing that Defendant deliver for destruction all products, labels, badging, tags, signs, prints, packages, videos, adwords and advertisements in their possession or under their control, bearing or using the iHEARTKIDS mark or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of making the same, pursuant to 15 U.S.C. § 1118;

H.  For an Order directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any service or product manufactured, sold or otherwise circulated or promoted by Defendant is authorized by I Heart Kids or related in any way to the I Heart Kid Services, including but not limited to use of search engine optimization technology and other technology that would circumvent the Orders prayed for hereunder;

I.  For an Order directing the Defendant and its agents, employees, servants, attorneys, successors, and assigns, and all others in privity or acting in concert therewith, to file with this Court, and serve upon I Heart Kids' counsel within thirty (30) days after entry of such judgment, a written report under oath, setting in detail the manner and form in which they have complied with such judgment;



J. For an Order permitting I Heart Kids, and/or auditors of I Heart Kids, to audit and inspect the books, records, and premises of Defendant and related corporations for a period of six (6) months after entry of final relief in this matter, to determine the scope of the Defendant's past use of I Heart Kids' intellectual property, including all manufacturing, distribution, and sales of products bearing any of the iHEARTKIDS mark, as well as the Defendant's compliance with the orders of this Court;

K. For an award of I Heart Kids' costs and disbursements incurred in this action, including I Heart Kids' reasonable attorneys' fees;

L. For an award of I Heart Kids' damages trebled or, alternatively, an award of Defendant's wrongful profits trebled, whichever is greater, plus I Heart Kids' costs and attorneys' fees, pursuant to 15 U.S.C. § 1117;

M. For an award of I Heart Kids' damages arising out of Defendant's acts;

N. For an Order requiring Defendant to file with the Court and provide to I Heart Kids an accounting of all sales and profits realized by Defendant through the use of the iHEARTKIDS mark and any counterfeits, reproductions, copies, or colorable imitations thereof;

O. For an award of interest, including pre-judgment interest on the foregoing sums;

P. For such other and further relief as the Court may deem just and appropriate.



## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b) and 5(d), Plaintiff demands a jury trial of all issues triable by jury.

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

Dated: June 12, 2017

 /s/   Mark A. Cantor
Mark A. Cantor (P32661)
Rebecca J. Cantor (P76826)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Tel:  (248) 358-4400 / Fax:  (248) 358-3351
Email:  mcantor@brookskushman.com
            rcantor@brookskushman.com

*Attorneys for Plaintiff I Heart Kids, Inc.*

